Ariadne Panagopoulou (AP-2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

Jichuan Middleton, *on behalf of himself and
others similarly situated,*

                       *Plaintiff,*

            -v-

Palace Chicken and Grill, Zabi Arifee, and
Mohammad Arifee, *jointly and severally,*

                     *Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Case No.:

### FLSA COLLECTIVE ACTION
### COMPLAINT

### NATURE OF THE ACTION

1.    Plaintiff Jichuan Middleton ("Plaintiff"), on behalf of himself and others similarly situated, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiff's lawfully earned minimum wages, overtime compensation, and misappropriated tips. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.* as well as the supporting New York State Department of Labor Regulations for violations of minimum wages, overtime wages, misappropriation of tips, unlawful deductions, and notice and record-keeping violations.

1

## SUMMARY

2.     Plaintiff was employed by Defendants, Palace Chicken and Grill, Zabi Arifee, and Mohammad Arifee, ("Defendants"), from September 2015 to November 2016. Plaintiff was employed ostensibly as a delivery person, however, he was required to perform other non-tipped occupations, such as cook and handle other miscellaneous duties in the restaurant.

3.     On certain occasions, during the period of his employment, the Plaintiff was required to work for Defendants for more than forty (40) hours per week.

4.     Defendants paid the Plaintiff below minimum wage for each hour worked and failed to pay him overtime wages for all the hours he worked above 40 hours per week.

5.     Defendant Zabi Arifee misappropriated Plaintiff's tips by retaining a substantial portion of the tips for himself.

6.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees lawful compensation by knowingly violating the FLSA and NYLL.

7.     As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

8.     Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees. Plaintiff seeks certification of this action as a collective action on behalf of himself individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

### Federal Question Jurisdiction and Supplemental Jurisdiction

9.     This Court has original subject matter jurisdiction over this action under 28

U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

10.     This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

11.     Venue is proper in the Eastern District of New York under 28 U.S.C. §§ 1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

**THE PARTIES**
**Plaintiff**

**Jichuan Middleton**

12.     Plaintiff Jichuan Middleton ("Plaintiff") is an adult individual residing in the state of New York, County of Queens.

13.     Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

14.     Plaintiff worked at the Palace Chicken and Grill located at 44-45 21st Street, Long Island City, New York, 11101.

15.     Plaintiff was employed by Defendants, Palace Chicken and Grill, Zabi Arifee, and Mohammad Arifee, ("Defendants"), from September 2015 to November 2016 ostensibly

as a delivery person.

16.     However, apart from performing deliveries, Plaintiff would also spend a significant amount of time  performing non-tipped occupations such as cooking, cleaning the restaurant, taking out the trash and stocking supplies.  He was also required to work as a cashier on some instances by the Defendants.

17.     These non-tipped occupations, would normally occupy half of each Plaintiff's shift. These duties were not incidental to his occupation as a delivery employee, but instead, constituted entirely unrelated general restaurant work.

18.     Plaintiff regularly handled goods in interstate commerce during his employment, such as food and beverages, which were made from ingredients imported from outside the State of New York.

19.     From September 2015 to January 2016, Plaintiff worked five days per week, from Monday through Friday. His hours from Monday through Friday were 11 a.m. to 5 p.m. On average, from September 2015 to January 2016, Plaintiff worked around 30 hours per week

20.     From September 2015 to October 2015, Plaintiff was paid $5.00 per hour. In November 2015, he was paid $6.00 per hour. In December 2015, he was paid $7.00 per hour and in January 2016, Plaintiff was paid $7.50 per hour.

21.     From February 2016 to July 2016, Plaintiff worked six days per week, from Monday through Friday and on Sundays. Plaintiff would also work on Saturday once per month. His schedule from Monday through Friday was 11:00 a.m. until 5:00 p.m. On Sundays, he would work from 12:00 p.m. to 10:00 p.m. When he worked a Saturday shift, he would work from 11:00 a.m. until 5:00 p.m.

22.     For the months of February 2016 to April 2016, Plaintiff was paid at the rate of

$7.50 per hour and for the months of May 2016 to July 2016, Plaintiff was paid at the rate of $6.00 per hour.

23. Therefore, on an average, from February 2016 to July 2016, Plaintiff worked 40 hours per week. However, once per month when Plaintiff would work on Saturdays, Plaintiff would work a total of 46 hours per week. During such weeks, Plaintiff was not compensated the appropriate overtime pay of one and one half times the statutory minimum hourly rate.

24. In August 2016, Plaintiff worked two days per week, which would shift sporadically, and from September 2016 to November 2016, Plaintiff worked one day per week, which would also change sporadically. His hours of work were from 11.00 a.m. until 5.00 p.m.

25. During such period, Plaintiff was paid at the rate of $6 per hour.

26. Plaintiff received his pay in cash at all times and was paid once every week.

27. Plaintiff only retained a small portion of the tips he received when he performed deliveries. Irrespective of the amount of cash tips he received, Defendants only allowed Plaintiff to retain Two Dollars ($2.00) from each tip amount he received for the deliveries and Defendant Zabi Arifee took the rest of the tip money for himself.

28. Plaintiff was also not receiving any online tips for the period of September 2015 to May 2016.

29. When Plaintiff began complaining to his manager that he was not receiving any online tips, his manager replied that he would be able to receive them if his pay was lowered to $6.00 per hour. As a result, his pay was decreased from $7.50 per hour to $6.00 per hour. However, Plaintiff was still receiving only a minimal amount of the online tips he was earning.

30. Plaintiff never received any credit card tips.

31. As a result of Defendants' misappropriation of tips, Plaintiff's total amount of

wages plus tips received frequently fell below the statutory minimum wage.

32.     Plaintiff was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

33.     Plaintiff never agreed to nor was he provided any information or notice by the Defendants of any intention they had to use a tip credit against his wages.

34.     Plaintiff was never provided with wage statements or other records detailing, *inter alia*, dates worked, money received, and the employer's details at any point during the time of his employment with Defendants.

35.     Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

36.     Throughout Plaintiff's employment with Defendants, Defendants utilized a time clock system to keep track of Plaintiff's hours of work. For this time clock system, employees were provided PIN numbers and would enter their PIN when they would clock in and clock out. However, Defendants were aware of the PIN numbers for each employee and would continuously alter the time records of the Plaintiff.

37.     Defendants would also reduce Plaintiff's pay whenever the bicycle that the Plaintiff used would be worn down by ordinary business use. If the bicycle's seat needed a replacement or any other parts were broken down, Defendants would deduct $40 from Plaintiff's pay. This occurred at least once per month from the period of January 2016 to November 2016.

38.     Throughout the duration of his employment, Plaintiff did not have any

supervisory authority over any of Defendants' employees, nor did he exercise discretion or independent judgment with respect to matters of significance.

39.     Plaintiff consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. § 216(b).

40.     Plaintiff has personal knowledge of other employees of Defendants who are similarly situated and who also worked hours for which they were not paid minimum and overtime wages.

## Defendants

41.     At all relevant times, Individual and Corporate Defendants were joint employers of Plaintiff, acted in the interest of each other with respect to Plaintiff's and other employees' remuneration, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2. Factors indicating joint employment include:

a.      Defendants all suffered or permitted Plaintiff to work.

b.      Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

c.      Defendants each have an economic interest in the location in which Plaintiff and similarly situated employees worked.

d.      Defendants all simultaneously benefitted from Plaintiff's work.

e.      Defendants each had either functional and/or formal control over the terms and conditions of work of Plaintiff and similarly situated employees.

f.      Plaintiff and similarly situated employees performed work integral to the Corporate Defendant's operation.

42.     In the alternative, all Defendants functioned together as a single integrated employer of Plaintiff within the meaning of the FLSA and NYLL.

**Corporate Defendant**

**Palace Chicken and Grill**

43.     Palace Chicken and Grill is the trade name of a domestic corporation organized and existing under the laws of the State of New York. It has two main locations: 96-21 Rockaway Blvd, Queens, New York, 11437 and 44-45 21st Street, Long Island City, New York, NY 11101. The Plaintiff worked consistently at the 44-45 21st Street, Long Island City, New York, NY 11101 location.

44.     Palace Chicken and Grill is a New York sit-down restaurant engaged in the retail sale of food and beverage items where customers order or select items and pay before consuming them. Such items can be consumed on the premises or delivered to customers' homes via delivery employees such as Plaintiff.

45.     Palace Chicken and Grill is open Seven (7) days per week for numerous hours per day according to its Yelp website: https://www.yelp.com/biz/palace-chicken-and-grill-long-island-city. It employs a number of full-time personnel.

46.     At all relevant times, Palace Chicken and Grill was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

47.     At all relevant times, Palace Chicken and Grill maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll, and other employment practices that applied to him.

48.     At all relevant times, Palace Chicken and Grill was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees

were handling food made from ingredients imported from out of state and distributed in New York. In addition, Palace Chicken and Grill conducted business with vendors and other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions outside the State of New York.

49.     Upon information and belief, at all relevant times, Palace Chicken and Grill's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

## Individual Defendants

### Zabi Arifee

50.     Upon information and belief, at all relevant times, Zabi Arifee ("Zabi") was, at the time of Plaintiff's employment, owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendant.

51.     At all relevant times throughout Plaintiff's employment, Zabi had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

52.     At all relevant times throughout Plaintiff's employment, Zabi was actively involved in the day-to-day operations of Corporate Defendant and was in charge of its finances.

53.     At all relevant times throughout Plaintiff's employment, Zabi was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed

Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

**Mohammad Arifee**

54. Upon information and belief, at all relevant times, Mohammad Arifee ("Mohammad") was, at the time of Plaintiff's employment owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendant.

55. At all relevant times throughout Plaintiff's employment, Mohammad had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

56. At all relevant times throughout Plaintiff's employment, Mohammad was actively involved in the day-to-day operations of the Corporate Defendant and was in charge of its finances.

57. At all relevant times throughout Plaintiff's employment, Mohammad was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

58. Pursuant to 29 U.S.C. §§ 203, 206, 207, 211(c) and 216(b), Plaintiff brings his First, Second, Third and Fourth causes of action as a collective action under the FLSA on behalf of himself and the following collective:

All persons employed by Defendants at any time since January 6, 2014, and through the entry of judgment in this case (the "Collective Action Period") who worked as waiters, bussers, runners, delivery workers, and other tipped employees (the "Collective Action Members").

59.     A collective action is appropriate in these circumstances because Plaintiff and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay minimum wage for all hours worked and overtime premiums for work performed in excess of forty (40) hours each week. In addition, Plaintiff and the collective action members were all victims of Defendants' policy of misappropriating employees' tips.

60.     Plaintiff and the Collective Action Members were also victims of Defendants' policy of wrongfully clocking out employees before their shift was over, thereby falsifying their time records.

61.      Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

62.     The claims of the Plaintiff stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**

### **Fair Labor Standards Act – Minimum Wages**

63.     Plaintiff and the Collective Action Members reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

64. At all relevant times, Plaintiff and the Collective Action Members were employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

65. At all times relevant, Defendants have been employers of Plaintiff and the Collective Action Members, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203 (s)(1) and 206 (a).

66. Defendants were required to pay directly to Plaintiff and the Collective Action Members, the applicable federal minimum wage rate for all hours worked pursuant to 29 U.S.C. § 206.

67. Defendants failed to pay Plaintiff and the Collective Action Members, their earned minimum wages for all hours worked to which they were entitled to under the FLSA.

68. As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, in addition to misappropriated gratuities, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

69. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

70. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the Collective Action Members.

71.     Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

72.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Overtime Wages

73.     Plaintiff and the Collective Action Members reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

74.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiff and the Collective Action Members.

75.     Defendants have failed to pay Plaintiff and the Collective Action Members overtime wages at a rate of one and one-half times the regular rate at which they were employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

76.     As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## **THIRD CAUSE OF ACTION**

### **Fair Labor Standards Act – Misappropriation of Tips**

77.     Plaintiff and the Collective Action Members reallege and incorporate by reference all allegations in all preceding paragraphs.

78.     The wage payment provisions of the FLSA, 29 U.S.C. § 203(m) and the supporting federal regulations 29 C.F.R. §§ 531.50 *et seq.* apply to Defendants, and protect the Plaintiff and the Collective Action Members.

79.     Defendant Zabi Arifee illegally misappropriated the Plaintiff's tips by retaining a significant portion of tips received by him.

80.     As a result of Defendants' continuous and willfull violations of the FLSA, 29 U.S.C. § 203(m) and the supporting federal regulations 29 C.F.R. §§ 531.50 *et seq.*, Plaintiff and the Collective Action Members are entitled to damages for the value of the misappropriated gratuities, as well as liquidated damages as provided for by 29 U.S.C. § 216(b), including reasonable attorneys' fees, and costs.

## **FOURTH CAUSE OF ACTION**

### **Fair Labor Standards Act – Failure to keep accurate records**

81.     Plaintiff, and the Collective Action Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

82.     Defendants were required to make, keep, and preserve accurate payroll records reflecting actual hours worked by employees and the wages received by them pursuant to the FLSA, 29 U.S.C. § 211(c) and the supporting Federal regulations, 29 C.F.R. §§ 516.2, 516.5, and 516.28.

83.     In cases where employers make use of time clocks as a basis for creating payroll records, this is acceptable practice provided that there are no major discrepancies between the clock records and actual hours worked pursuant to 29 C.F.R §785.48.

84.     By intentionally interfering with the PIN system operated by the restaurant and thereby falsifying records, Defendants intentionally and willfully violated the provisions of the FLSA, 29 U.S.C § 211(c) and the supporting Federal regulation, 29 C.F.R.§§ 516.2, 516.5, 516.28, and 785.48.

85.     By arbitrarily failing to count hours worked by employees to determine their wages, Defendants also directly violated 29 C.F.R. § 785.47, which requires employers to compensate employees for any practically ascertainable period of time worked, however, small.

86.     As a result, Plaintiff and the Collective Action Members, have suffered damages by being deprived of their proper minimum and overtime compensation according to the actual number of hours worked.

## FIFTH CAUSE OF ACTION

### New York Labor Law – Minimum Wage

87.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

88.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

89.     At all relevant times referenced herein, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

90. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

91. From December 31, 2014, to December 30, 2015, the minimum hourly wage was $8.75, and from December 31, 2015 to December 30, 2016, the minimum hourly wage in the State of New York was $9.00 pursuant to NYLL § 652 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-1.2.

92. Defendants were required to pay Plaintiff no less than the applicable statutory minimum wage for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.2.

93. Through their knowing and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have violated the NYLL Article 19, §§ 650 *et seq*., and 12 N.Y.C.R.R. Part 146-1.2.

94. Defendants, at most times, did not even pay Plaintiff at the lower tip-credited rate allowed for delivery employees.

95. Defendants also failed to post conspicuous notices of the Plaintiff's rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-2.4, further evincing Defendants' lack of good faith.

96. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of NYLL § 663.

97. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants him unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## SIXTH CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime Wages

98.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

99.     The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

100.    Defendants have failed to pay Plaintiff proper overtime which he was entitled to at a wage rate of one and one-half times his regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.4.

101.    Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

102.    Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

103.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants him unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

**SEVENTH CAUSE OF ACTION**

**New York Labor Law - Deductions from Wages**

104.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

105.     The provisions regarding deductions from wages as set forth in NYLL § 193 apply to Defendants and protect Plaintiff.

106.     Defendants would reduce Plaintiff's pay whenever the bicycle that the Plaintiff used would be worn down by ordinary business use. If the bicycle's seat needed a replacement or any other parts were broken down, Defendants would deduct $40 from Plaintiff's check. This occurred at least once a month from the period of January 2016 to November 2016.

107.     Defendants have consistently and repeatedly made deductions from Plaintiff's wages that were not made in accordance with the provisions of any law or regulation and were not authorized in writing by Plaintiff or benefited Plaintiff in violation of NYLL § 193(1) and the New York Department of Labor Regulations, 12 N.Y.C.R.R. § 142-2.10.

108.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants all unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest pursuant to NYLL § 198 (1-a).

**EIGHTH CAUSE OF ACTION**

**New York Labor Law – Misappropriation of Tips**

109.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

110.    The wage payment provisions of Article 6 of the NYLL and the supporting New York State Department of Labor Regulations 12 N.Y.C.R.R. Part 146 *et seq.* apply to Defendants, and protects Plaintiff.

111.    Defendants were prohibited from demanding, accepting or retaining, directly or indirectly, any part of the gratuities received by the Plaintiff pursuant to NYLL Article 6, § 196-d and 12 N.Y.C.R.R. §§ 146-2.16(b) and 146-2.18.

112.    Defendants illegally misappropriated the Plaintiff's tips by retaining a significant portion of all the cash tips received by him.

113.    As a result of Defendants' misappropriation of tips, Plaintiff's total amount of tips received plus his wages frequently fell below the statutory minimum in violation of 12 N.Y.C.R.R. § 146-1.3(b).

114.    Upon information and belief, Defendants failed to establish, maintain and preserve for at least six (6) years accurate tip records showing the amount, shares and daily log of tips collected by each employee at each position in violation of 12 N.Y.C.R.R. § 146-2.17.

115.    As a result of Defendants' continuous and willful violations of the NYLL § 196-d and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 *et seq.*, Plaintiff is entitled to damages for the value of the misappropriated gratuities, liquidated damages as provided for by NYLL § 198(1-a), reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## NINTH CAUSE OF ACTION

### New York Labor Law – Failure to keep accurate records

116.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

117.    Defendants were required to establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records showing, *inter alia*, for each week worked the regular hourly rate of pay, the overtime rate of pay, the number of regular hours worked, and the number of overtime hours worked pursuant to NYLL §§ 195(4) and 661 and the New York Department of Labor Regulations, 12 NYCRR 142-2.6.

118.    By intentionally interfering with the time clock system operated by the restaurant and thereby producing falsified records, Defendants intentionally and willfully violated the provisions of NYLL §§ 195(4) and 661 and the New York Department of Labor Regulations, and are guilty of a misdemeanor carrying a maximum penalty of Five Thousand Dollars ($5,000) pursuant to NYLL § 662.

119.    As a result of Defendants' actions, Plaintiff has suffered damages by being deprived of his proper overtime compensation according to the actual number of hours worked.

## TENTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Notice at the Time of Hiring

120.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

121.    Defendants have failed to provide Plaintiff, at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

122. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-b).

## ELEVENTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Wage Statements

123. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

124. Defendants have failed to provide Plaintiff with wage statements listing, *inter alia*, all his hours of work; rate of pay; basis of pay; the period covered; and overtime pay, in violation of NYLL § 195(3).

125. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

B. An order tolling the statute of limitations;

C. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New

York Labor Law, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

D.      Unpaid minimum wages, overtime pay and misappropriated tips under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

E.      Unpaid minimum wages, overtime wages, and misappropriated tips, under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1);

F.      Reimbursement of all unlawful deductions pursuant to NYLL § 193, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1);

G.      Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violations of the FLSA pursuant to 29 U.S.C. § 216(b);

H.      An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring or any time thereafter pursuant to NYLL § 198 (1-b);

I.      An award of statutory damages for Defendants' failure to provide Plaintiff with wage statements pursuant to NYLL § 198 (1-d);

J.      A penalty of a maximum of Five Thousand Dollars ($5,000) for Defendants' falsification of Plaintiffs' payroll records pursuant to NYLL § 662;

K.      A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

L.      If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

M.     An award of pre-judgment interest of nine per centum per annum    (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

N.     An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

O.     An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

P.     Such other relief as this Court shall deem just and proper.


Dated: January 6, 2017

Respectfully submitted,
**PARDALIS & NOHAVICKA, LLP**

By:     __/s/Ariadne Panagopoulou_____
        Ariadne Panagopoulou (AP-2202)
        *Attorneys for the Plaintiff*
        35-10 Broadway, Suite 201
        Astoria, New York 11106
        Tel: 718.777.0400 | Fax: 718.777.0599
        Email:  ari@pnlawyers.com